UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
U.S PHILIPS CORP., a Delaware Corporation,
et al.,

       Plaintiffs,       **ORDER**
                  CV 04-2573 (TCP)(ARL)
  -against-

WINGS DIGITAL CORP., a Delaware
Corporation, and MANINDER SETHI,

       Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

  Plaintiffs move by letter application dated August 4, 2005 for an order extending the dates for the exchange of initial and responsive expert reports to September 8 and September 22, respectively. Defendant Maninder Sethi opposes the application by letter dated August 9, 2005. Defendant Sethi asserts that the entire action should be stayed as a result of the corporate defendant's Chapter 11 bankruptcy filing. By order dated August 18, 2005 the court permitted the parties to address whether plaintiffs' case against Mr. Sethi is based on vicarious liability and such submissions have been made.

  Plaintiffs assert that the case against Mr. Sethi is not based on vicarious liability. (Plaintiffs' Reply Letter, dated August 24, 2005). Rather, plaintiffs claim that Mr. Sethi's own conduct makes him directly and separately liable for patent infringement. (Id.). Despite plaintiffs' assertion, the complaint alleges that Mr. Sethi, acting as an employee of the defendant corporation, used or sold patented products. Absent from the complaint is any allegation that Mr. Sethi acted in his individual capacity. Given the plaintiffs' allegations, it appears that the corporate defendant is the real party in interest and, as such, a stay of this action is warranted

pending resolution of the bankruptcy action. A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986) (a non-debtor can claim the protection of a debtor's stay "where there is such identity between the debtor [and non-debtor] that the debtor may be said to be the real party defendant and that a judgment against the [non-debtor] will in effect be a judgment or finding against the debtor."); see also In re North Star Contracting Corp., 125 B.R. 368 (S.D.N.Y. 1991) (applying stay pursuant to § 362(a) to suspend action against non-bankrupt party where such party had a right to indemnification by the debtor corporation). Defendants shall notify the undersigned in writing within two weeks of the conclusion of the bankruptcy proceeding.

Dated: Central Islip, New York
      August 31, 2005

**SO ORDERED:**

/s/
_____
ARLENE R. LINDSAY
United States Magistrate Judge