UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
U.S. PHILIPS CORPORATION, et al.,

                           Plaintiffs,                 **ORDER**
                                                                   CV 04-2573 (TCP) (ARL)
      -against-

WINGS DIGITAL CORPORATION, et al.,

                           Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the January 2, 2007 letter application of the plaintiffs, U.S. Philips Corporation and Koninklijke Electronics N.V. (together, "Philips"), requesting that the court strike the December 22, 2006 Second Supplemental Expert Report of defendant Maininder Sethi's technical expert, Dr. Masud Manduripur.[1] Defendant Sethi opposes the application by letter dated January 5, 2007 and also moves by separate letter dated January 5, 2007 for an order permitting the "non-destructive testing" of the discs in plaintiffs' possession at the laboratories of Media Sciences. According to Philips, defendant Sethi chose not to inspect or test the discs in Philips's possession despite the court's December 5, 2006 order permitting him to conduct non-destructive testing of those discs and to supplement his expert report "based on those findings." Thus, Philips asserts Sethi's failure to test the discs precludes supplementation of his expert report. Philips further asserts that the supplementation is otherwise untimely because the October 25th deadline for the submission of Sethi's expert report has long expired and the opinions expressed in the Second Supplemental Report could have been expressed in Dr. Mansuripur's original report.

---

[1] The court notes that the plaintiffs have twice filed the same two-page letter with three exhibits. See Dkt. Nos. 84 and 85. The only difference between these filings seems to be the order in which the exhibits are referenced.

The testing of these disks has been the subject of a series of applications wherein defendant Sethi's position as to the nature of the proposed testing (destructive or non-destructive) has been inconsistent. See D'Ercole Letters, dated November 21, 2006 (destructive), December 8, 2006 (non-destructive), January 5, 2007 (non-destructive); see also Defendant Sethi's Objections to December 5, 2006 Order, dated December 18, 2006 (destructive). Given this flip-flop together with defendant's suggestion that the plaintiff take a videotape of the original discs playing in a DVD player and CD player in the event that "something happens to the discs during non-destructive testing", it is apparent that the defendant himself is unclear whether the testing of the discs would be destructive. See D'Ercole Letter, dated January 5, 2007. By Order dated December 5, 2006, the undersigned permitted the defendant to conduct non-destructive testing at the offices of plaintiff's counsel and to supplement his expert report after such testing.

As a threshold matter, given defendant Sethi's appeal of the December 5, 2006 to District Judge Platt, the undersigned is divested of jurisdiction to further determine the testing issue raised by the defendant. See Defendant Sethi's Objections, dated December 18, 2006. Thus, defendant Sethi's January 5, 2007 application is denied with leave to renew pending Judge Platt's determination of his objections.

With regard to the plaintiff's January 2, 2007 application to strike the Second Supplemental Expert Report, the application is granted. The undersigned's December 5, 2006 order was clear that any supplementation of the defendant's expert was to be limited to information learned as a result of the testing authorized by that order. Thus, given the defendant's decision to forego further testing, there is no basis to supplement the expert report.

Dated: Central Islip, New York
       January 8, 2007

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge